In the Matter of the Accounting of HERMAN WACHT et al., as Trustees under the Will of SAMUEL WACHT, Deceased.

NEW YORK TRUST COMPANY, as Trustee under the Will of SAMUEL WACHT, Deceased, Appellant; HERMAN WACHT et al., as Trustees under the Will of SAMUEL WACHT, Deceased, et al., Respondents.

First Department, February 23, 1955.

*Orison S. Marden* of counsel (*Haliburton Fales, II,* with him on the brief; *White & Case,* attorneys), for appellant.

*Edward Lee* of counsel (*Eisman, Lee, Corn, Sheftel & Bloch,* attorneys), for Freda Schiff and others, respondents.

*A. Walter Socolow* of counsel (*Monroe E. Stein* and *Jules Ornstein* with him on the brief; *Socolow, Stein & Seton,* attorneys), for Benjamin Gutman and another, respondents.

*Harold C. Jesse* of counsel (*Donald K. Lourie* with him on the brief; *Harold C. Jesse,* attorney), special guardian in person.

*Per Curiam.* It is clear that in establishing the trusts the testator made careful provision for their administration by a corporate trustee together with the individual trustees. Currently, and perhaps more urgently in the future, the efficient administration of the estate will require the continued services of a corporate trustee. The corporate trustee entered upon its duties with full knowledge that investment policy would be determined by a majority of the trustees and that at some future time it could very likely feel impelled to assert a minority viewpoint. Its position is neither untenable nor without value to the trust estate. Nor does it impose any extra burden or responsibility on the corporate trustee. On the contrary, it tends to reduce its responsibility. Day-by-day administration of the trust is not adversely affected; and concededly is handled admirably by the individual trustees. By continuing to offer its past conscientious and considered advice and service the corporate trustee can discharge a needed and useful purpose without prejudice or embarrassment to anyone. The order denying the corporate trustee's application for permission to resign should be affirmed, with leave, however, to renew the application should another trust company with facilities comparable to those of the corporate trustee be ready to serve as trustee and to perform the same services as does the corporate trustee, for full statutory commissions.

CALLAHAN and BASTOW, JJ. (dissenting in part). The will in this case was probated in 1929, and the trust company accepted its trusteeship in 1933. Experience acquired over the years since these dates has given new insight into trusts composed entirely of real estate and the risks and burdens imposed upon trustees thereof. The company is now advising the sale of some of the real estate, but this step is opposed by all of the individual cotrustees, who are members of the families of descendants of the decedent. A majority of the trustees control in all matters, including those of policy.

This corporate trustee has served faithfully during a difficult period, and for compensation that was less than the legal maximum. It is willing to forfeit some of its commissions, if allowed to resign. It should not be held *in perpetuum* as trustee of such a trust under all the circumstances, particularly the circumstances of its minority position.

We vote to allow the corporate trustee to resign upon the occasion of its next accounting.

PECK, P. J., COHN and BOTEIN, JJ., concur in *Per Curiam* opinion; CALLAHAN and BASTOW, JJ., dissent in part in a memorandum.

Decree affirmed, without prejudice in accordance with the opinion filed herein. [See *post,* p. 943.]